SCOTT E. BRADFORD, OSB #062824
United States Attorney
District of Oregon
**CHRISTOPHER CARDANI**
Assistant United States Attorney
Christopher.Cardani@usdoj.gov
1000 SW Third Avenue, Suite 600
Portland, Oregon 97204-2902
Telephone: (503) 727-1000
Attorneys for United States of America

# UNITED STATES DISTRICT COURT

# DISTRICT OF OREGON

| | |
|---|---|
| **UNITED STATES OF AMERICA** | 3:25-cr-00444-AR |
| v. | **GOVERNMENT'S SENTENCING MEMORANDUM** |
| **JAIRIN ANZALDUA-ERVIN,** | |
| Defendant. | |

### Introduction

Defendant was arrested after assaulting a federal officer during protest activity at the Immigration and Customs Enforcement (ICE) facility in Portland, Oregon. He spent two days in jail before being released. He pleaded guilty to misdemeanor assault and should be sentenced to a time-served sentence, with conditions of supervised release explained below.

///

**Government's Sentencing Memorandum**                                                                 **Page 1**

**Factual Background**

A.   **The Offense Conduct**

The offense conduct is accurately set forth in paragraphs 11 through 14 of the presentence report. Defendant participated in protest activity at the ICE building, but when officers attempted to clear the driveway in performance of official duties, defendant intentionally threw a partially filled water bottle, striking an officer in the chest.

B.   **The Charges**

Defendant was charged in a one count information with Assaulting a Federal Officer (misdemeanor) in violation of 18 U.S.C. § 111(a)(1), which is a Class A misdemeanor punishable by up to one year in prison.

C.   **The Plea Agreement & Guideline Computations**

Defendant was arraigned and pleaded guilty pursuant to a plea agreement, admitting to the legal and factual basis for the offense. The parties agreed in the plea agreement to the applicable Guideline calculations, and they are accurately reflected in the presentence report in paragraphs 19-27. The government is recommending an additional two-level variance for early resolution. If the Court accepts these recommendations, the final offense level is 9. This produces a sentencing range of 4-10 months (Zone B).

**Argument**

A.   **Recommended Sentence**

As set forth in the plea agreement, the government recommends a time-served sentence, followed by one year of supervised release with the following special conditions:

- Defendant will serve four months of home detention;

- Defendant is prohibited from entering the area surrounding the Immigration and Customs Enforcement Building in Portland Oregon. Defendant is specifically prohibited from entering the

    area bounded by South Gaines Street to the North; South Boundary Street to the South; Southwest Terwilliger to the West; and the Willamette River to the East. Defendant may use I-5 to transit the exclusion area so long as defendant does not depart the freeway or stop within the exclusion area.

- Defendant will write a letter apologizing for his assaultive conduct.

This recommendation is consistent with the Sentencing Guidelines. While the advisory sentencing range in this case produces a recommended sentencing range of 4-10 months in prison (Zone B), the Court can sentence defendant to a time-served sentence – or even probation - so long as it includes as a term of supervised release or probation a requirement that defendant serve a term of alternative confinement, such as community confinement or home detention, rather than prison.[1] Here, a low-end Guideline sentence of four months can be achieved by ordering defendant to serve four months of home detention, rather than prison. The home detention terms can be established by probation in a manner which will allow defendant to work and participate in other permissible activities during those four months.

It is anticipated that, while agreeing with the Sentencing Guideline calculations, defendant will argue that the Court should vary from the Guidelines and impose a less restrictive sentence, which may include a request for no home detention, or that he not be supervised at all while on probation or supervised release.[2] If so, the Court should reject the request. Although defendant has no criminal history, he is a chronic user of marijuana as a form of self-medication for ADHD (see PSR at ¶59 – "prior to his arrest for the instant offense, he engaged in daily marijuana use"). While he told probation that he has discontinued his use of marijuana (PSR at ¶57), some form of oversight by probation is appropriate.

---

[1] The relevant Guideline provisions governing Zone B sentences are § 5B1.1(a)(2), 5C1.1(c)(3), and 5C1.1(e)(3)

[2] Defendant's sentencing materials had not been filed at the time of this submission.

**Government's Sentencing Memorandum**                                                     **Page 3**

B.  **Restitution & Forfeiture**

There is no forfeiture, and the government is not recommending a fine.

**Conclusion**

Based on the foregoing, the government recommends that this Court impose a time-served sentence with one year of supervised release, subject to the conditions recommended by the government.

Dated: December 10, 2025.

                                          Respectfully submitted,

                                          SCOTT E. BRADFORD
                                          United States Attorney

                                          */s/ Christopher Cardani*
                                          CHRISTOPHER L. CARDANI
                                          Assistant United States Attorney